UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO.: 03-503 (RJL) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM KOVACS, | : | |
| ELATEC TECHNOLOGY CORP., INC. | : | |
| Defendants. | : | |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States submits this supplemental memorandum to incorporate its motion for a downward departure pursuant to § 5K1.1 of the Guidelines.  The government is requesting that the Court grant the defendant William Kovacs a modest departure to reflect his having given the minimum amount of assistance necessary to gain the benefit of a § 5K1.1 motion.  In particular, the government is asking the Court to depart two levels from the total offense level in the Presentence Report of 15, which would result in a final offense level of 13.

As the Court is aware, the U.S. Attorney's Office's Departure Committee twice declined requests for a substantial assistance departure for Mr. Kovacs.  It also permitted Mr. Kovacs to provide a lengthy written description of his view of the assistance that he had provided.  The reason Committee previously denied the departure requests was that, while Mr. Kovacs had provided the case agents much information, none of the information was of any value in advancing the goals of law enforcement.  Indeed, the agents often had to devote much time to following Mr. Kovacs' leads, only to learn that they led to no new prosecutions.

Mr. Kovacs' sentencing was originally continued to permit him time to provide additional cooperation.  Mr. Kovacs did supply some assistance in one matter.  That matter was the

administrative proceeding that the Department of Commerce instituted against Sunford Trading Ltd., which served as a middleman in the illegal export that underlies Mr. Kovacs' conviction. Sunford settled the administrative charges that the Department of Commerce had brought against it and paid the maximum administrative penalty.  Mr. Kovacs was prepared to testify in the administrative proceeding.  The Department of Commerce has stated that it believes that Sunford's knowledge that Mr. Kovacs was going to testify was a significant factor in the company's decision to settle the case.[1]

The government notes that Mr. Kovacs engaged in very serious conduct.  It also remains troubled by Mr. Kovacs' denial to the Probation Office that he instructed a subordinate to testify falsely to a grand jury in Massachusetts.  He admitted doing so under oath as part of the factual proffer the parties offered in support of his guilty plea.  A sentence of incarceration is warranted here and would be consistent with sentences other defendants in this jurisdiction have recently received for export offenses.  See, e.g., United States v. Robert E. Quinn, Crim No. 05-018 (JDB) (39 month sentence after conviction after trial for exporting forklift parts to Iran in violation of the embargo); United States v. Khalid Mahmood, Crim. No. 04-365 (RCL) (17 month sentence after providing cooperation and testimony in the Quinn prosecution); United States v. Asher Karni, Crim. No. 04-396 (RMU) (36 month sentence after § 5K1.1 departure for

---

[1] Another matter in which Mr. Kovacs attempted to provide cooperation since his original sentencing date is an investigation that the Los Angeles office of the SEC has been conducting.  Government counsel has spoken with the SEC attorney handling the investigation.  He informed the undersigned that Mr. Kovacs' information was of no assistance and appeared to be facts that Mr. Kovacs had gleaned from public sources.

cooperation in case involving the unlawful export to Pakistan and India of commodities controlled for nuclear non-proliferation reasons).

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            D.C. Bar No. 498610

By:                     /s/
                                            Jay I. Bratt
                                            Assistant United States Attorney
                                            National Security Section
                                            Illinois Bar No. 6187361
                                            555 Fourth Street, NW, Room 11-437
                                            Washington, D.C.  20530
                                            (202) 353-3602
                                            jay.bratt@usdoj.gov

**Certificate of Service**

  I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Supplemental Sentencing Memorandum by electronic means on Jon W. Norris, counsel for defendants, this 1st day of October, 2006.

                    /s/
                   Jay I. Bratt