UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| V | : | Criminal No.: CR03-503 (RJL) |
| | : | SENTENCING: October 4, 2006 |
| | : | |
| WILLIAM KOVACS | : | |

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

Defendant William Kovacs, by and through counsel, submits this supplemental sentencing memorandum for the Court's consideration. The defendant will appear before this Honorable Court for sentencing on Wednesday October 4, 2006. Mr. Kovacs pled guilty before this Honorable Court to violations of 18 USC §§ 371 and 2, conspiracy to violate the Export Administration Regulation. The government is now moving for William Kovacs to receive a downward departure for his substantial assistance provided to the government. While the government is requesting a modest departure of 2 points based upon what they claim is the minimal amount of assistance necessary to gain the benefit of a §5K1.1 motion, we would submit that Mr. Kovacs should receive a substantial downward departure both for the extent of his assistance and that a downward departure for aberrant behavior is also appropriate. Further more we ask his sentence be imposed in a fashion that is reflective of who Mr. Kovacs is as a person and in line with his actions in this case. We ask this Court to give Mr. Kovacs the full 3 points for acceptance of responsibility. We ask this Court not to impose the 2-point enhancement for obstruction of justice. This would place Mr. Kovacs at an offense level of 13 prior to receiving his §5K1.1 downward departure or downward departure for aberrant behavior.

We are humbly requesting that this Court apply the appropriate downward departures and sentence Mr. Kovacs to a period of Probation.

### *THE STATUTORY SENTENCING FACTORS*

The imposition in this case is guided by 18 U.S.C.A. § 3553. This statute requires the sentencing court to consider a series of factors for the purpose of fashioning a sentence that is "sufficient, but not greater than necessary", 18 U.S.C.A. § 3553(a) *et seq*, to:

> **(A)** reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manor;

18 U.S.C.A. § 3553(a)(2). A review of these factors follows.

A sentence in federal Court should:

(A) "*reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense*"; Mr. Kovacs does not intend to downplay or minimize the seriousness of his actions, however, it is important to place his conduct in context. The furnace that was shipped to China is of a type that has been in use for decades in numerous educational and industrial applications. Hundreds have been shipped to China by U.S. companies and by other countries. This furnace is not of a type that is used in nuclear applications. A permit is not necessarily required for shipping such a furnace to China, however Mr. Kovacs' crime, for which he accepted responsibility, was in seeking a permit and then participating in circumventing the process once the permit application was denied. In the case *sub judice* a sentence of probation would be "sufficient, but not greater than necessary" to satisfy the above criteria.

(B) "*to afford adequate deterrence to criminal conduct*"; the fact that William Kovacs was prosecuted, years after his conduct, at the end of the close of the statute of limitations and in a jurisdiction outside where his conduct occurred. That he lost his business and has incurred hundreds of thousands of dollars of debt as well as lost his standing in the community all should afford adequate deterrence to criminal conduct.

(C) "*to protect the public from further crimes of the defendant*"; William Kovacs' conduct over the last several years has been exemplary as it was his entire life prior to his aberrant conduct in this case. The public does not need to be protected from William Kovacs, in fact as will be illustrated William Kovacs' good deeds far out weigh his conduct in this case. The world is a better place, thanks to the selfless generosity of William Kovacs. In fact, to remove William Kovacs from society would deprive his family and others in need of his assistance.

(D) "*to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manor*"; While the defendant does need medical treatment for his emotional disorders, bi-polar and attention deficit, these conditions would likely be exacerbated if detained and would not be treated in the most effective manor. We would submit that consideration of these factors reflect that a sentence of probation would be in the interest of justice and "sufficient, but not greater than necessary".

## THE SENTENCING GUIDELINE RANGE

Although the parties are in agreement that Mr. Kovacs has a criminal history score of 0, which places him in criminal history category I, they are in dispute as to the appropriate guideline range. The PSR indicates that the total offense level is 15 while the defense maintains

the appropriate offense level is 13.  If the government's position is correct, offense level 15 with a 2-point §5K1.1 downward departure to offense level 13 is in Zone D and subjects Mr. Kovacs to a term of imprisonment of 12 to 18 months.  The defense would contend that Mr. Kovacs should not receive the 2-point adjustment for obstruction of justice and at worst his total offense level would be a 13 prior to receiving any downward departures.   Addressing that point follows:

### MR. KOVACS SHOULD NOT RECEIVE THE 2 POINT ADJUSTMENT FOR OBSTRUCTION OF JUSTICE

The government maintains that Mr. Kovacs should receive a 2-point adjustment for obstruction of justice.  Mr. Kovacs filed an objection to the imposition of that enhancement.  While Mr. Kovacs admitted to telling an employee to testify that the meeting the furnace purchasers was a "sales demonstration," and not a "witness test," he does not concede that this conduct constitutes obstruction of justice under U.S.S.G. § 3C1.1.  The defense submits that the government will need to establish the applicability of this enhancement at the time of sentencing.  The defense further contends, pursuant to the Supreme Court's holding in <u>Blakely v. Washington,</u>, 124 S.Ct. 2531, 2537 (2004), this enhancement can only be imposed based on a jury finding beyond a reasonable doubt.  Although Mr. Kovacs' plea agreement contemplated sentencing under the Sentencing Guidelines with fact-finding by the Court, that plea agreement pre-dated the Court's decision in <u>Blakely</u>.  Under these circumstances, Mr. Kovacs' consent to judge sentencing under a preponderance standard cannot be considered a knowing, voluntary and intelligent waiver.

Mr. Kovacs refusal to concede the applicability of this enhancement should not impact the downward adjustment for acceptance of responsibility because he is not required to admit or

volunteer information about relevant conduct to the probation officer. U.S.S.G. § 3E1.1, comment. (n.1(a)). The defendant may remain silent with respect to any conduct beyond the offense of conviction without affecting an offense level reduction for accepting responsibility for the offense. U.S.S.G. § 3E1.1, comment. (n.1(a)).  Furthermore, his acceptance of responsibility is beyond question in this case.  Mr. Kovacs stood before this Court and humbly accepted responsibility as he admitted his guilt.  The government agrees that he should receive the full 3 points for acceptance of responsibility.

In addition, beyond admitting his guilt to the offense of conviction, Mr. Kovacs performed extraordinary cooperation and has only now received word that the government is recognizing that his cooperation warrants the benefit of a § 5K1.1 motion.

## MR. KOVACS' COOPERATION WITH THE GOVERNMENT

Not only has Bill Kovacs admitted his guilt to this Court, he has tried to make amends. He has cooperated as diligently and thoroughly with the government as any client that counsel has ever worked with.  Bill Kovacs is a man that has faced obstacles by rising to the challenge his entire life.  From academic, athletic, business, scientific, family and spiritual matters, when faced with adversity Bill Kovacs responds with his indefatigable effort and keen intellect to diligently and creatively work out solutions. In this case, Bill Kovacs immersed himself in the work of providing substantial assistance to the government.  In the complex worlds of export trading of scientific equipment, military equipment and advanced technologies, not to mention securities violations involving manipulation of the stock market, Bill Kovacs has provided the government with reams of information.  Not useless information of the type that has proliferated in the computer/internet age but information that he has researched himself.  Information he has

obtained at a great cost to himself physically and financially.  Mr. Kovacs' willingness to not only provide information, but also to testify against Sunford Trading Co., is the likely reason that they settled their case with the Department of Commerce.  In other cases, the information that Mr. Kovacs provided was pertinent to criminal charges, which the government chose not to bring.

The government now concedes that William Kovacs has earned a departure under §5K1.1; we submit that he deserves the full benefit of that departure and not just a minor 2-point reduction.  Drug dealers, thugs and murders receive the full unconditional blessing of the government on a regular basis in this Court house, William Kovacs has worked harder and longer than most and in the humble opinion of counsel, if there is any fairness what so ever in this system he deserves the benefit of his assistance.  He deserves probation.

## THIS COURT SHOULD DEPART DOWNWARD FOR ABERRANT BEHAVIOR[1]

Mr. Kovacs moves this honorable Court to grant him downward departures for aberrant behavior pursuant to U.S.S.G. § 5K2.20 and/or because his family ties and responsibility constitute extraordinary circumstances.

**§ 5K2.20. Aberrant Behavior (Policy Statement)**

A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior.  However, the court may not depart below the guideline range on this basis if (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point, as determined under Chapter Four (Criminal History and

---

[1] Defendant Kovacs would like to put forth the argument that in addition to his actions being aberrant behavior under U.S.S.G. § 5K2.20, his case is also "outside the heartland" of cases considered by the Federal Sentencing guidelines.

Criminal Livelihood); or (5) the defendant has a prior federal or state felony conviction, regardless of whether the conviction is countable under Chapter Four.

    The application notes provide in pertinent part:

1. For purposes of this policy – "Aberrant behavior" means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; (C) represents a marked deviation by the defendant from an otherwise law-abiding life…
2. In determining whether a court should depart on the basis of aberrant behavior, the court mat consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) records of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.

A departure pursuant to this section is available because the offense did not involve serious bodily injury or death, the discharge of a firearm, or drugs.  Mr. Kovacs has no criminal history whatsoever.  A downward departure for aberrant behavior is appropriate where "the defendant committed a single occurrence or single criminal transaction that 1) was committed without significant planning; 2) was of limited duration; and 3) represents a marked deviation by the defendant from an otherwise law-abiding life.  We submit that the facts as set forth above and in the Pre-sentence Report establish each of these criteria.  The commentary further provides that "[i]n determining whether the court should depart under this policy statement, the court may consider the defendant's A) mental and emotional conditions; B) employment record; C) record of prior good works; D) motivation for committing the offense; and E) efforts to mitigate the effects of the offense." U.S.S.G. § 5K2.20, comment. (n.3).  The facts set forth in the PSI as well as Mr. Kovacs' tremendous efforts to cooperate further support the granting of a downward departure here.  We will address these factors for the Court.

    *(A) Mental and emotional conditions.*  Mr. Kovacs has been diagnosed as suffering

from bi-polar disorder as well as hyperactive attention deficit disorder.  It is quite likely that the fact his bi-polar disorder went undiagnosed for many years contributed to his conduct in this case.

*(B) Employment record.*  Mr. Kovacs has been continuously and gainfully employed for his entire adult life up to the time of this case.  He has worked hard, employed many people and he has lost everything during the pendancy of this case.

*(C) Record of prior good works.*  Mr. Kovacs has an extensive history of prior good works.  He has volunteered for Big Brothers of America and the Saturday Enrichment Program.  Both are groups that bring together children with adults who provide positive role models, and social and educational enrichment.  He has coached Little League Baseball, Pop Warner Football as well as his local swim team.  He has mentored college students for career guidance as well as supervised interns in the engineering field.  He has hosted foreign exchange families and has hosted theological and philosophical retreats.  Numerous individuals have submitted letters of his behalf. These letters speak of the William Kovacs who has given money, time and his self to help those in need.  These letter talk of the Bill Kovacs who has adopted families in need at Christmas time, delivered turkeys in Boston to families without.  When one employee with a substance abuse problem stole $10,000 from Bill Kovacs, Bill helped him get into rehab rather than have him prosecuted.  Bill Kovacs has loaned his car to an employee to attend a family member's funeral.  William Kovacs is a man who truly cares about others more than he cares about

himself. Everyone makes mistakes; the good works of William Kovacs far exceed his criminal conduct in this case.

*(D) Motivation for committing the offense.* Mr. Kovacs motivation in this case is not clear. While it might be easy to argue that any criminal offense involving a sale would be motivated by financial gain, that does not seem to be the case here. William Kovacs turned down numerous requests for other sales or transactions that would result in financial enrichment.  It seems most likely to counsel that in a manic phase of his bi-polar disorder, he became caught up in completing a deal that he believed should have been allowed.  He used bad judgment.

*(E) Efforts to mitigate the effects of the offense.* Mr. Kovacs has always cooperated with the government.  He has opened his office up to allow United States government agents from the CIA to work out of his office and to have access to his files and contacts.

Mr. Kovacs is now 64 years old with no criminal record.  There is no dispute that he did not set out with criminal intent to sell a furnace in violation of United States export laws. Rather, when the license was denied, the purchaser attempted to circumvent the United States export restriction and Mr. Kovacs went along with it.  He does not make any excuses for his conduct, but there is no doubt that it is an aberration from his otherwise law-abiding and productive life.  After reviewing the facts of this offense and of Mr. Kovacs's background, it becomes clear his conduct in this case was an anomaly in a life that is otherwise marked by hard and honest work.

Mr. Kovacs moves this honorable court to grant him downward departure, pursuant to

U.S.S.G. § 5H16, because his family ties and responsibilities constitute extraordinary circumstances.  Mr. Kovacs is the center support of his family.  His wife, Dr. Stephanie Sidney, has recently undergone and is recovering from a complete surgical hysterectomy.  She is facing weeks of bed rest and is unable to do any house or yard work.  Her private practice, which is conducted out of the home, has been suspended during this time of her medical diagnosis, surgery and recovery.   This family is hundreds of thousands of dollars in debt with only William to support it.  Should Mr. Kovacs be imprisoned, it is likely that he will loose his home.  His wife will not have a place to live or a location to resume her practice.   This same home is in need of  repairs due to the extensive flood damage it received earlier this year.  This is the same flooding which caused the Governor of Mass. to declare a state of emergency.  Mr. Kovacs' adult daughter has been hospitalized several times in the past year and he has been there to help her through these difficult times.  If Mr. Kovacs' family ties and responsibilities do not constitute extraordinary circumstances, counsel would be hard pressed to figure out what does.

## MR. KOVACS' PERSONAL BACKGROUND

Mr. Kovacs is sixty-four years old and lives with his wife in Boxford, Massachusetts.  He is the father to four grown and successful children.  He has lived a lifetime as a successful businessman, father, husband, community leader, mentor, scientist, innovator and patriotic citizen.  He has never been in trouble with the law outside of the single incident that is this case.  His conduct in this case is aberrant behavior for which he has accepted full responsibility and for which he is exceedingly humbled and remorseful.  He stands before this Honorable Court as a broken man.  As a result of this case Mr. Kovacs has lost his standing in the community, he has

lost his business to bankruptcy, he is on the verge of losing his home. He has lost much of his health, both physically and emotionally.  This case has taken a great toll on Bill Kovacs.  More importantly, he feels that he has disgraced himself to his family, his wife and children, his colleagues in the business community, his colleagues in spiritual and community endeavors and to this Court.  The attached letters of support show that while the people that know Bill best are aware of his situation and shortcomings, he has earned their respect and esteem by the way he has conducted his life.

### MR. KOVACS SHOULD BE PERMITTED TO SELF-SURRENDER

Should Mr. Kovacs receive a sentence of imprisonment, we respectfully request that the Court permit him to self-surrender after a sufficient period of time that his wife has recovered from her surgery and is self-sufficient.  Mr. Kovacs has complied with all of his conditions of release and poses no risk of flight.  The government has previously taken the position that they do not object to self-surrender.

### CONCLUSION

Accordingly, we ask this Court to impose a sentence in a fashion that is reflective of whom Mr. Kovacs is as a person and in line with his actions in this case.  We ask this Court to give Mr. Kovacs the full 3 points for acceptance of responsibility.  We ask this Court not to impose the 2-point enhancement of obstruction of justice and we ask this court to grant a downward departure for his substantial assistance pursuant to §5K1.1 and also a downward departure for aberrant behavior.  We are asking this Honorable Court to put Mr. Kovacs on a period of probation to allow him to continue to prove to this Court that he will abide by all of the

conditions and expectation of this Court and society.  We submit that these are appropriate actions for this Court to take in fashioning a sentence for Mr. Kovacs.  This Court will never be disappointed in Mr. Kovacs, he is truly remorseful for his actions he will live up to and exceed this Court's expectations.

                              Respectfully submitted,

                              Jon W. Norris
                              Counsel for William Kovacs
                              THE LAW OFFICES OF JON W. NORRIS
                              641 Indiana Ave. NW
                              Second Floor
                              Washington D.C., 20004
                              (202) 842-2695
                              (202) 842-2627 fax

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of this foregoing Motion was delivered electronically to AUSA Jay Bratt, Office of the United States Attorney on this 2nd day of October, 2006

                              _____
                              Jon W. Norris

Cc:    Jay Bratt, AUSA